J-S42004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DREW PRITCHETT :
:
Appellant : No. 1106 WDA 2021

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001813-2008,
CP-02-CR-0016115-2007

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED: February 2, 2023**

Drew Pritchett appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The underlying cases stem from a gang-related shooting. Briefly, Appellant and Dorian Peterson were members of the Manchester OGs. On September 13, 2007, Appellant stated that he wanted to do some "G-Shit" on the North Side, which was controlled by a rival gang, the Crips. To that end, Appellant drove a vehicle into the North Side while Peterson pointed a sawed-off shotgun out the front passenger window. Peterson first shot Maurice Johnson, who was able to flee the scene and was treated at a hospital. Next, Peterson shot Terrence Monroe twice, killing him. Just prior to the

---

[*] Retired Senior Judge assigned to the Superior Court.

shootings, Appellant had picked up Carl Richardson and Jamal Younger to give them a ride home, so they were in the backseat during the shootings.

Appellant was ultimately charged in connection with the shootings and proceeded to a jury trial with co-defendant Peterson. Docket No. CP-02-CR-0001813-2008 related to the shooting of Johnson ("Johnson Docket"), while Docket No. CP-02-CR-0016115-2007 related to the shooting death of Monroe ("Monroe Docket"). At the Johnson Docket, the jury convicted Appellant of conspiracy to commit murder, aggravated assault, and recklessly endangering another person. At the Monroe Docket, the jury found Appellant guilty of conspiracy to commit murder and possession of a prohibited offensive weapon, and not guilty of first-degree murder and third-degree murder. Instead of recording that verdict, the trial court conducted an off-the-record discussion with counsel because it found the jury's verdict legally inconsistent and because the jury had failed to indicate which degree of murder was the object of the conspiracy. After polling the jury to confirm that each juror found Appellant guilty of conspiracy to commit murder, the court instructed the jury to correct the verdict slip. The revised verdict slip did not clarify the degree of murder for the conspiracy charge. However, the jury crossed out the "not guilty" verdict for first-degree murder and changed their verdict on that count to "guilty." The court accepted this revised verdict slip.

Appellant was sentenced at the Johnson Docket to a term of incarceration of ten to twenty years for aggravated assault. At the Monroe Docket, Appellant was sentenced to life without parole for first-degree murder

and ten to twenty years of incarceration for conspiracy. All terms of incarceration were set to run consecutively.

Appellant timely filed a direct appeal to this Court at both dockets. Upon review, we held that the trial court erred in directing the jury to revise the verdict slip on the Monroe Docket because it "was required to accept the verdicts as entered, notwithstanding the legal inconsistency." *Commonwealth v. Pritchett*, 53 A.3d 923 (Pa.Super. 2012) (unpublished memorandum at 14) (citations omitted). Accordingly, we vacated Appellant's conviction for first-degree murder, reversed Appellant's judgment of sentence in part, and remanded for the trial court to resentence Appellant on the Monroe Docket pursuant to the original verdict slip, *i.e.*, "on criminal conspiracy to commit homicide and possession of a prohibited offensive weapon only." *Id*. at 15.

On remand, the trial court imposed a new sentence at the Monroe Docket of twenty to forty years of incarceration for conspiracy followed by two and one-half to five years of incarceration for possession of a prohibited weapon.[1] Appellant did not file a direct appeal on the Monroe Docket as to this new sentence. Instead, Appellant initiated PCRA proceedings at both dockets by timely filing a PCRA petition, with the assistance of counsel, in

---

[1] We observe that the trial court also purported to impose a new sentence at the Johnson Docket. While it did not change the originally imposed sentence, we note that this "new sentence" exceeded the scope of our remand, which solely pertained to the Monroe Docket. *See* Pa.R.A.P. 2591(a) ("On remand of the record the court . . . below shall proceed in accordance with the judgment or other order of the appellate court[.]").

November 2012. Therein, Appellant raised several claims of ineffective assistance of counsel. After an evidentiary hearing, the PCRA court denied Appellant's petition. On appeal, this Court affirmed the PCRA court's order and our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Pritchett*, 134 A.3d 496 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 141 A.3d 480 (Pa. 2016).

On June 9, 2020, Appellant filed *pro se* the instant PCRA petition at both dockets. According to Appellant, this second petition was timely pursuant to the governmental interference and newly-discovered facts exceptions to the PCRA's one-year time bar. The Commonwealth filed a motion to dismiss based on Appellant's petition being untimely. On August 17, 2020, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing because it was untimely filed. Within the order, the court stated that the petition was "barred by the sixty day provision and one year statute of limitations." Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 8/17/20 (parenthetical numbers omitted). Appellant filed a response, arguing that the PCRA court had failed to apply the 2018 amendment expanding the time frame for invoking an exception to the PCRA's time-bar from sixty days to one year. *See* Response to Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 9/10/20, at unnumbered 1. The PCRA court dismissed Appellant's petition on August 17, 2021.

This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[2] Of note, Appellant filed a single notice of appeal listing both dockets, in apparent violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341. Accordingly, this Court issued an order directing Appellant to show cause as to why the appeal should not be quashed. In his response, Appellant indicated that he had limited access to the law library and was unaware of the requirement to file separate notices of appeal. This Court discharged the show-cause order and referred the matter to the merits panel. Appellant presents the following issues for our consideration:

1. Did the Superior Court of Pennsylvania commit judicial error by quashing Appellant[']s PCRA based on a timely but defective notice of appeal based on [**Walker**, **supra**?]

2. Did the PCRA court commit legal error or abuse its discretion by applying a sixty-day jurisdictional time-bar to Appellant[']s second and subsequent filing of his PCRA when 42 Pa.C.S. § 9545(b)(2) has been amended to provide for a one-year jurisdictional timeliness bar for second and subsequent PCRA petitions?

3. Did the PCRA court commit legal error or abuse its discretion in denying Appellant[']s request for discovery where the Commonwealth is in possession of pre-trial statements made by the Appellant[']s co-defendant, resulting in governmental interference and **Brady** violations that prejudiced Appellant and violated his due process rights?

_____

[2] We note that the Honorable David R. Cashman presided over the PCRA proceedings until his retirement, which occurred shortly after Appellant filed his Rule 1925(b) statement. Thereafter, the matter was reassigned to the Honorable Elliot C. Howsie, who issued the Rule 1925(a) opinion. We use "PCRA court" to refer to both judges involved in the PCRA proceedings.

4. Did the PCRA court commit legal error or abuse its discretion in not ordering an evidentiary hearing to supplement the record establishing the timeliness of Appellant[']s PCRA petition where a hearing was necessary to determine the merits of Appellant[']s claim of newly discovered facts resulting in governmental interference and due process violations?

5. Did the PCRA court commit legal error or abuse its discretion in not allowing Appellant to amend his PCRA petition where doing [*sic*] the process of filing the government and Department of Corrections went on lockdown severely impacting Appellant[']s ability to make amendments, research claims properly and his ability to present perfected claims and arguments to the courts?

6. Did the PCRA court commit legal error or abuse its discretion in denying Appellant[']s request for appointment of counsel where Appellant can further establish that an evidentiary hearing is warranted also to establish the merits of his claims and present a perfected petition to the court in violation of his constitutional rights?

Appellant's brief at 3.

Contrary to Appellant's assertion in his first issue, this Court has not yet quashed Appellant's appeal for non-compliance with **Walker**, and upon review, we decline to do so now. The Note to Rule 341 and the holding in **Walker** "require a bright-line rule that where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." **Commonwealth v. Larkin**, 235 A.3d 350, 352 (Pa.Super. 2020) (*en banc*) (cleaned up). However, this Court "may overlook the requirements of **Walker** where. . . a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Id**. at 354. Here, the PCRA court's dismissal order advised

- 6 -

Appellant that "he ha[d] the right to appeal from this final Order and that **such appeal** must be taken within thirty (30) days from the date of this Order." Order of Court, 8/17/21 (emphasis added). Since the PCRA court misadvised Appellant that he only needed to file one appeal from the order dismissing his PCRA petition as to both dockets, we find that there was a breakdown in the PCRA court with respect to this issue and decline to quash.

Turning to the substance of Appellant's issues, our well-settled standard of review from the denial of PCRA relief "is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa.Super. 2017). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up). Instantly, the PCRA court dismissed Appellant's petition on the grounds that it was untimely filed. As neither the PCRA court nor this Court has jurisdiction to entertain an untimely petition, we begin by addressing this threshold issue. ***See Commonwealth v. Ballance***, 203 A.3d 1027, 1030-31 (Pa.Super. 2019).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date that the underlying judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). The PCRA statute provides that "a judgment becomes final at the conclusion of direct review, . . . or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Instantly, Appellant's judgment of sentence at the Johnson Docket became final on July 2, 2012,[3] thirty days after this Court affirmed that judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. *See* Pa.R.A.P. 1113. As to the Monroe Docket, the judgment of sentence became final on August 20, 2012,[4] thirty days after the trial court imposed a new sentence and the time for filing a direct appeal in this Court expired. *See* Pa.R.A.P. 903. Thus, to be timely, any PCRA petition had to be filed within one year, or by July 2, 2013 and August 20, 2013, respectively. The instant petition, filed in June 2020, was patently untimely.

Since the petition was untimely filed, Appellant had the burden to plead and prove one of the enumerated exceptions to the PCRA's time-bar before the PCRA court could consider the merits of any of his claims. In this respect, the PCRA statute provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

---

[3] Since the thirtieth day fell on a Sunday, we utilize the next business day for computation purposes. *See* 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, . . . [and w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[4] Since the thirtieth day fell on a Saturday, we again use the next business day for computation purposes. *See* 1 Pa.C.S. § 1908.

- 8 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In the case *sub judice*, Appellant invoked the governmental interference and newly-discovered facts exceptions in his June 2020 petition. As to the governmental interference exception, "[t]he proper question . . . is whether the government interfered with [the petitioner's] ability to present his claim and whether [he] was duly diligent in seeking the facts on which his claims are based." **Commonwealth v. Chimenti**, 218 A.3d 963, 975 (Pa.Super. 2019) (cleaned up). With respect to the newly-discovered facts exception, a petitioner must plead and prove that:

> (1) the **facts** upon which the claim is predicated were **unknown** and (2) could not have been ascertained by the exercise of **due diligence**. Due diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief, but does not require perfect vigilance or punctilious care.

*Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (cleaned up, emphases in original).

Appellant invoked these exceptions based on two pieces of evidence. Regarding the governmental interference exception, Appellant averred that "[t]he Commonwealth failed to disclose post arrest statements made by . . . Peterson to detectives[.]" Petition for Post Conviction Relief, 6/9/20, at unnumbered 2. He did not elaborate as to the date of these alleged statements or their content. As to the newly-discovered facts exception, Appellant cited psychological evaluations of Peterson that were conducted in 2013 and 2015. According to Appellant, the evaluations were exculpatory because Peterson stated therein that he planned the shooting with someone other than Appellant and he possessed the gun "for months" for "retaliation" purposes. *See id*. at unnumbered 1 (internal quotation marks omitted). Finally, Appellant argues the PCRA court committed legal error by applying the outdated sixty-day time frame for invoking exceptions as opposed to the current time frame of one year.

While we agree with Appellant that the one-year time frame applies, we do not find that the PCRA court erred in dismissing Appellant's petition as untimely. At the outset, it is unclear from the notice of intent to dismiss which time frame the PCRA court used since it mentioned both sixty days and one year. Regardless of which metric the PCRA court used, though, Appellant failed to first meet his burden of pleading and proving one of the exceptions

and establishing that he had invoked the exceptions within one year of when the claims could have been presented.

Critically absent from Appellant's PCRA petition is any evidence establishing **when** Appellant discovered the evaluations and statements. Appellant claims in his brief to this Court that he included a June 4, 2020 email from his attorney on a federal matter, Chris Rand Eyster, Esquire, regarding the discovery of the psychological evaluations. **See** Appellant's brief at 18. The referenced email included a statement from Attorney Eyster that he had received and turned over the evaluations to Appellant "last June." Email from Attorney Eyster to Appellant, 6/4/20. While this email was supplemented to the certified record during the pendency of this appeal, the record does not support Appellant's assertion that it was enclosed with his PCRA petition. Contrarily, the petition itself is silent as to this alleged enclosure and as to the date of discovery. With respect to Peterson's statements to detectives, Appellant baldly claimed in his petition that Attorney Eyster "recently discovered" the statements. **See** Petition for Post Conviction Relief, 6/9/20, at unnumbered 2. These self-serving statements were insufficient to establish when Appellant discovered the evaluations and statements, and, as a result, whether he invoked the exceptions within one year of when the claims could have been presented.

Moreover, Appellant neglected to establish in his petition that he acted with due diligence in discovering the statements, as was required to prove the

governmental interference exception, or that the evaluations could not have been obtained through the exercise of due diligence, as was required to prove the newly-discovered facts exception. *See Chimenti*, *supra*; *Hart*, *supra*. Rather, Appellant baldly claimed in his petition, with respect to the statements, that "[a]ll prior counsel attempted to obtain this information but was told that it did not exist." Petition for Post Conviction Relief, 6/9/20, at unnumbered 2. As to the psychological evaluations, he proffered nothing in terms of why he was unable to discover them earlier with the exercise of due diligence.

We acknowledge that Appellant provided more detail in his response to the PCRA court's notice of intent to dismiss with regard to his discovery of the psychological evaluations. *See* Response to Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 9/10/20, at unnumbered 1 (claiming that Attorney Eyster discovered the psychological evaluations on June 18, 2019). However, the PCRA statute "clearly and unambiguously requires any petition filed pursuant thereto to 'be filed within one year of the date the judgment becomes final, unless **the petition** alleges and the petitioner proves' one of the three exceptions quoted above. 42 Pa.C.S. § 9545(b)(1)[.]" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa.Super. 2007) (cleaned up, emphasis in original). In other words, it is solely to the petition that a PCRA court looks to determine if a petitioner has pled and proved an exception to the PCRA's time bar. *See id*. (affirming dismissal of Derrickson's

PCRA petition as untimely where he failed to allege an exception in his petition, alleged an exception for the first time in response to the court's notice of intent to dismiss, and did not seek leave to amend his petition to include an allegation that one of the exceptions applied).

In the case *sub judice*, Appellant alleged exceptions within his petition but failed to plead therein the facts necessary to prove the exceptions. While Appellant moved summarily in his petition for the PCRA court "to grant a[n] evidentiary hearing, motion for discovery, appointment of counsel, leave to amend, [and] motion to proceed *in forma pauperis*[,]" he never filed a purported amended petition that would prove the exceptions. **See** Petition for Post Conviction Relief, 6/9/20, at unnumbered 2 (capitalization omitted). In fact, in his response to the court's notice of intent to dismiss, Appellant asked the court, *inter alia*, to "grant [Appellant's] plea to amend said petition and to include what to be amended[.]" Response to Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 9/10/20, at unnumbered 2. Thus, while Appellant asked for leave to amend, he simultaneously asked the court to advise him of what to include in such an amendment. Even if we were to consider the more detailed contentions in Appellant's response as an amended petition, they were still insufficient to warrant a hearing on the questions of discovery or due diligence.

We are cognizant of Appellant's complaint that he should not have been held to the same standards as an attorney with respect to these rules because

he is an incarcerated, *pro se* litigant. **See e.g.**, Appellant's brief at 16-17. However, it is well established that Appellant's *pro se* status, as with all *pro se* litigants, confers no special benefit upon him.

> Under Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

**Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) (cleaned up).

Based on the foregoing, Appellant failed to meet his burden of establishing one of the exceptions to the PCRA's time bar within his petition. Since the petition was untimely filed and Appellant failed to prove one of the exceptions, the PCRA court was without jurisdiction to entertain the merits of Appellant's claims, and so are we. Accordingly, we affirm the order dismissing Appellant's petition because it was untimely filed without an exception and do not reach the remainder of Appellant's issues on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2023

- 14 -